**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MENACHEM HOFFMAN AND SARAH HOFFMAN, | : <br> : <br> : |
| Plaintiffs, | : Civ. Action No. 3:16-cv-4491-BRM-LHG <br> : |
| v. | : <br> : **OPINION** |
| CITIBANK, N.A., | : <br> : |
| Defendant. | : <br> : |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendant Citibank, N.A.'s ("Defendant") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 26.) Plaintiffs Menachem and Sarah Hoffman ("Plaintiffs") oppose the motion. (ECF No. 29.) Having reviewed the submissions filed in connection with the Motion and having declined to hear oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Defendant's Motion is **GRANTED**.

**I. BACKGROUND**

For the purpose of this Motion to Dismiss, the Court accepts the factual allegations in the Complaint as true, considers any document "*integral to or explicitly relied upon* in the complaint," and draws all inferences in the light most favorable to Plaintiff. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997); *see Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Courts may also consider public records, including prior court decisions, letter

decisions of government agencies, and published reports of administrative bodies. *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1197 (3d Cir. 1993) (citations omitted).

Plaintiffs' Amended Complaint (ECF No. 23) is their second attempt to plead a viable cause of action against Citibank stemming from a Home Equity Line of Credit Plaintiff obtained from Defendant on June 25, 2007, in the amount of $175,000 secured by a mortgage on their home located at 7 Arosa Hill, Lakewood, New Jersey 08701. (Compl. (ECF No. 1) ¶¶ 2, 5-6; Equity Source Account Agreement and Disclosure, Ex. A to DeSantis Cert. (ECF No. 4-2); and Equity Source Account Mortgage, Ex. B to ECF No. 4-2.)

On June 22, 2017, having heard oral argument (ECF No. 16), the Court granted Defendant's Motion to Dismiss Plaintiffs' original Complaint. (ECF No. 17.) Specifically, Plaintiff's claims for breach of contract, for fraud, under Fair Debt Collection Practices Act (FDCPA), and for harassment/intentional infliction of emotional distress were dismissed without prejudice, and Plaintiff's claims for unjust enrichment and under Truth in Lending Act (TILA) and Real Estate Settlement Procedures Act (RESPA) were dismissed with prejudice. (*Id.*) The Court permitted Plaintiffs to file an amended complaint but did not set a deadline. (ECF No. 16.)

Nearly three months later, on September 13, 2017, Plaintiffs filed the Amended Complaint and on September 20, 2017, requested the case be reopened. (ECF Nos. 18, 20.) Over Defendant's objection, the Court permitted the Amended Complaint to be filed and reopened the case. (ECF No. 22.)

Plaintiffs' Amended Complaint again contains four counts: 1) breach of contract; 2) fraud; 3) violation of the FDCPA; and 4) intentional infliction of emotional distress ("IIED"). (ECF No. 23.) Defendant filed a Motion to Dismiss the Amended Complaint, asserting Plaintiffs failed, again, to state any viable claim. (ECF No. 26.) In response, Plaintiff Menachem Hoffman filed an

Affirmation in Support (the "Affirmation") alleging additional facts not included in the Amended Complaint. (ECF No. 29.) Defendant subsequently filed a reply brief asking this Court to ignore the Affirmation, arguing it is an attempt to improperly amend the complaint outside of the pleadings. (ECF No. 30.) Defendant also asks this Court to dismiss Plaintiffs' Amended Complaint with prejudice. (*Id.*)

## II. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Philips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a probability

3

requirement.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**III. DECISION**

    **A.    Plaintiffs' Affirmation in Support**

As a preliminary matter, this Court may not consider Plaintiffs' Affirmation. "In deciding a rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based on these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *see also Guidotti v. Legal Helpers Debt Resolution*, 716 F.3d 764, 772 (3d Cir. 2013). Plaintiffs' Affirmation is not a pleading under Federal Rule of Civil Procedure 7(a), and this Circuit has refused to consider allegations made for the first time in affidavits and responses to motions for summary judgement. *McLaud v. Indus. Res.*, 715 F. App'x 115, 121 n.5 (3d Cir. 2017); *see also Barnes v. Vibra Healthcare, LLC*, 2015 U.S. Dist. LEXIS 6767, at *8 (D.N.J May 26, 2015) ("[T]he Court may not consider the affidavits . . . on a motion to dismiss under Rule 12(b)(6)."). Here, the Affirmation is not referred to in the pleadings, attached to the pleadings, or a matter of public record. Rather, Plaintiffs seek to improperly supplement their Amended

Complaint by adding altogether new allegations in the Affirmation. *See Nuwan Weerahandi v. Alia Shelesh*, Civil Action No. 3:16-CV-06131-BRM-TJB, 2017 U.S. Dist. LEXIS 163910, at *17 (D.N.J. Sep. 29, 2017). Therefore, the Court may not consider the Affirmation.

    **B.    Count One - Breach of Contract**

A plaintiff making such a claim must allege: (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations. *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). The Amended Complaint fails to satisfy three of these four elements.

Plaintiffs fail to specify which specific provisions of the contract were breached. *See Skypala v. Mortgage Electronic Registration Systems, Inc.*, 655 F. Supp. 2d 451, 459 (D.N.J. 2009). Similarly, Plaintiffs do not allege they have been damaged as a result of any breach of contract by CitiBank. Finally, Plaintiffs concede they have not performed their own contractual obligations by making timely payments on their debt. (ECF No. 23 ¶¶ 44.) Each of these bases alone are grounds for dismissal. Accordingly, Defendant's Motion to Dismiss Count One is **GRANTED WITH PREJUDICE**.

    **C.    Count Two - Fraud**

Plaintiffs allege that Defendant "failed to verify the debt" pursuant to Plaintiffs' demands, sent inaccurate statements regarding the loan, reported the account negatively to credit bureaus, and failed to cooperate with the OCC investigation. (ECF No. 23 ¶¶ 49-56.)

Plaintiffs fail to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). Plaintiffs do not allege who, what, when, and where any misrepresentations were made, or how the conduct led Plaintiffs to sustain an ascertainable loss. *See Smajlaj v. Campbell Soup Co.*, 782 F. Supp. 2d 84 (D.N.J. 2011). Plaintiffs' general allegations that Defendant

5

provided statements with incorrect amounts is insufficient to meet the heightened pleading requirement.

Even so, Plaintiffs fail to state a cause of action for fraud. In New Jersey, the elements of common law fraud are: (1) a false representation of material fact; (2) with knowledge that it is false; (3) with the intent to deceive the other party; (4) upon which representation the other party justifiably relies to his or her detriment; and (5) resulting loss. *Liberty Mut. Ins. Co. v. Land*, 186 N.J. 163, 175 (2006). As the Court has already noted, Plaintiffs do not state with specificity what representation by Defendant forms the basis of its cause of action. Further, they do not allege they relied on any representation by Defendant to their detriment. As such, the Court cannot ascertain from the Amended Complaint what, if any, conduct is being relied upon to form the basis of the claim. Accordingly, Plaintiffs fail to state a cause of action for fraud and Defendant's Motion to Dismiss Count Two is **GRANTED WITH PREJUDICE**.

### D. Count Three – Violation of the FDCPA

In two sentences, Plaintiffs allege Defendant violated the FDCPA and "federal consumer protection acts." Because Plaintiffs have not identified these "federal consumer protection acts," the pleading is deficient.

In regard to the FDCPA, Plaintiffs allege "Defendant keeps sending erroneous collection letters to Plaintiffs and has failed in four years to work this out with Plaintiffs or to verify the debt." (ECF No. 23 ¶¶ 59.) Typically,

> [t]o prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt.

6

*Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014); *see also Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015).

Plaintiffs' FDCPA claim in this Amended Complaint is identical to the one this Court dismissed in their original Complaint, save the words "or to verify the debt." Once again, Plaintiffs fail to address even a single element of the FDCPA. Nevertheless, the "FDCPA's provisions generally apply only to 'debt collectors.'" *Pollice v. National Tax Funding, L.P.*, 225 F.3d 375, 403 (3d Cir. 2000). "Creditors - as opposed to 'debt collectors' - generally are not subject to the FDCPA." *Id.* Here, Defendant is a creditor, not debt collector, and therefore Plaintiffs cannot state a cause of action under the FDCPA.

Accordingly, Defendant's Motion to Dismiss Count Three is **GRANTED WITH PREJUDICE**.

### E. Count Four – IIED

Plaintiffs allege Defendant's calling them multiple times per day trying to solicit payments and sending threatening letters and emails without advising Plaintiffs of their rights "greatly upset Plaintiffs and disturbed their daily living," even "ruin[ing] their lives." (ECF No. 23 ¶¶ 61-66.)

Under New Jersey law, to establish a prima facie claim for IIED, a plaintiff must show: "(1) that the defendant intended to cause emotional distress; (2) that the conduct was extreme and outrageous; (3) that the actions proximately caused emotional distress; and (4) that plaintiff's emotional distress was severe." *Witherspoon v. Rent-A-Center, Inc.*, 173 F. Supp. 2d 239, 242 (D.N.J. 2001) (citing *Buckley v. Trenton Sav. Fund Soc'y*, 111 N.J. 355, 366 (1988)). "An intentional infliction of emotional distress claim is rarely dismissed on a motion to dismiss." *Acevedo v. Monsignor Donovan High Sch.*, 420 F. Supp. 2d 337, 349 (D.N.J. 2006). However, a

plaintiff will not satisfy the above elements by merely demonstrating a defendant acted "unjust, unfair and unkind." *Fregara v. Jet Aviation Bus. Jets*, 764 F. Supp. 940, 956 (D.N.J. 1991).

In order to establish "extreme and outrageous" conduct, a plaintiff must sufficiently plead factual allegations to show the defendant's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Witherspoon*, 173 F. Supp. 2d at 242 (quoting *Buckley*, 111 N.J. at 366 (citation omitted)). As a threshold matter, the Court must determine whether a defendant's conduct meets this standard. *See Ali v. Jersey City Parking Authority*, No. 13-2678, 2014 U.S. Dist. LEXIS 52547, 2014 WL 1494578, at *5 (D.N.J. Apr. 16, 2014) (citing *Cox v. Keystone Carbon Co.*, 861 F.2d 390, 395 (3d Cir. 1988)). In order to establish severe emotional distress, a plaintiff must show emotional distress "so severe that no reasonable [person] could be expected to endure it." *Glenside West Corp. v. Exxon Co.*, 761 F. Supp. 1100, 1113 (D.N.J. 1991) (quoting *Buckley*, 111 N.J. at 366).

Even in the absence of New Jersey's exceedingly high bar for IIED, Plaintiff's allegations around Defendant's conduct hardly rise to the level of unconscionability required to establish an IIED claim. Indeed, this Court finds a creditor's attempts to seek payments on a debt which Plaintiffs acknowledge hardly fits the bill of an action so egregious as to support an IIED claim. Moreover, this District has routinely dismissed emotional distress claims in the bill collection context. *See Diaz v. Bank of N.Y.*, 2016 WL 111420, at *3 (D.N.J. Jan. 11, 2016) (finding that attempts to collect on a debt do not rise to the level of outrageous conduct); *Fogarty v. Household Finance Corp. III*, 2015 U.S. Dist. LEXIS 23064, at *58-63 (D.N.J. Feb. 25, 2015) (granting motion to dismiss emotional distress claim in case involving residential mortgage; defendants' conduct, which consisted of failing to promptly respond to plaintiffs' requests for information,

continuing to insist that plaintiffs were obligated to pay on the mortgage, and issuing written threats of foreclosure, was not extreme or outrageous). Accordingly, Defendant's Motion to Dismiss Count Four is **GRANTED WITH PREJUDICE**.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED** and the Amended Complaint is **DISMISSED WITH PREJUDICE** in its entirety, as amendment would be futile. An appropriate order will follow.


**Date: August 30, 2018**                              */s/ Brian R. Martinotti*  
                                                       **HON. BRIAN R. MARTINOTTI**  
                                                       **UNITED STATES DISTRICT JUDGE**